IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



FILED
DEC 13 2005
J. T. NOBLIN, CLERK
BY_____ DEPUTY

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ] ] ] |
| Plaintiff, | ] CIVIL ACTION NO. 1:05CV666 LG-RHW ] |
| | ] ] |
| MISSISSIPI GULF COAST COMMUNITY COLLEGE, | ] JURY TRIAL DEMAND ] ] |
| Defendant. | ] ] |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Susan Nichols. As alleged with greater particularity in ¶ 7 below, the Defendant, Mississippi Gulf Coast Community College ("MGCCC" or "Defendant") discriminated against Ms. Nichols (age 55), in August 2003, January 2004, and February 2004 by failing to hire her because of her age, while hiring less qualified and less experienced younger individuals.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626 (b) (the ADEA), which incorporates by reference Sections 16 (c) and 17 of the Fair Labor Standards Act of 1938 (the FLSA), as amended 29 U.S.C. §§ 216 (c) and 217.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Southern Division.

## PARTIES

3. The Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7 (b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of the Reorganization Plan No. 1 of 1978, 92 Stat. 3782, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times Defendant MGCC has continuously been doing business in the State of Mississippi and has continuously had at least 20 employees.

5. At all relevant times, Defendant has continuously been and is now an employer within the meaning of Section 11 (b) of the ADEA, 29 U.S.C. § 630 (b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect the voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7 (b) of the ADEA, 29 U.S.C. §626 (b).

## STATEMENT OF CLAIM

7. On or about April 30, 2003, Defendant posted a Notice of Vacancy for the position of permanent, full-time Learning Lab Instructional Assistant. Susan Nichols and others applied for the position. At the time Ms. Nichols applied for the position she was 55 years of age.

8. Susan Nichols met or exceeded all of the job requirements in the Notice of Vacancy.

9. On August 15, 2003, Susan Nichols was notified that Defendant had chosen to hire a temporary full-time Instructional Assistant, instead of the permanent full-time as advertised. The candidate selected by Defendant was a 31 year-old male who was much less qualified than Ms. Nichols. Further, the 31 year-old selected had no relevant experience for the position of Learning Lab Instructional Assistant.

10. Defendant continued to accept applications for the position of permanent full-time Learning Lab Instructional Assistant and eventually filled the position on January 12, 2004. The candidate selected for the position was a 29 year-old who had less experience and was less qualified than Ms. Nichols.

11. In December 2003, Defendant posted a second Notice of Vacancy for another permanent full-time Learning Lab Instructional Assistant position. Ms. Nichols did not apply for the position as she felt it would be futile to do so. On February 12, 2004, Defendant hired the less qualified 31 year-old individual previously hired as the temporary full-time Instructional Assistant referred to in Paragraph 9.

12. The practices engaged in by Defendant deprived Susan Nichols of equal employment opportunities and otherwise adversely affected her status as an employee because of her age in violation of Section 4(a) (1) of the ADEA, 29 U.S.C. § 623(a) (1).

13. The unlawful employment practices complained of above were willful within the meaning of Section 7 (b) of the ADEA, 29 U.S.C. § 626 (b).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, its officers, agents, successors, assigns and all persons in active concert or participation with it, from failing to hire or from any other employment practices which discriminate on the basis of age against individuals 40 years of age or older.

B.  Order the Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for all of its employees 40 years of age or older and which eradicate the effects of its past and present unlawful employment practices.

C.  Grant a judgment requiring Defendant to pay appropriate unpaid wages in an amount to be determined at trial, an equal sum as liquidated damages, and, as appropriate, prejudgment interest to Susan Nichols.

D.  Order Defendant to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to instatement of Susan Nichols and other affirmative relief necessary to eradicate the effects of the unlawful practices, including but not limited to reinstatement or front pay.

E.  Grant such further relief as the Court deems necessary and proper.

F.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

Equal Employment Opportunity
Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

---

**JACQUELINE H. McNAIR**
Regional Attorney (Acting)

---

**MILDRED BYRD**
Supervisory Trial Attorney

---

**PRISCA M. DELEONARDO**
AL Bar # ASB-6535-D67P
Senior Trial Attorney for the Plaintiff

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street, South
Birmingham, AL 35205
Telephone: (205)212-2048
Fax Number (205) 212-2041
prisca.deleonardo@eeoc.gov